UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| RHONDA NEELEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Case No. |
| ) | 6:12-cv-27-JMH |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM OPINION & ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*

This matter is before the Court upon cross-motions for summary judgment on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. [Tr. 13-20].[1]  The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

**I.   OVERVIEW OF THE PROCESS AND THE INSTANT MATTER**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 motions for summary judgment.  Rather, it is a procedural device by which the parties bring the administrative record before the Court.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the instant matter, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the relevant time period under step one. [Tr. 15].

Under step two, the ALJ found that while Plaintiff had four medically determinable impairments – fibromyalgia, osteopenia, irritable bowel syndrome ("IBS"), and generalized anxiety disorder, respectively – only the first three impairments were "severe" as defined by the agency's regulations. [Tr. 15-16]; 20 C.F.R. § 404.1521.

During step three of the analysis, the ALJ considered all of Plaintiff's impairments and decided that none of them met the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 16-17]. After further review of the entire record, the ALJ concluded at step four that Plaintiff had the residual functional capacity ("RFC") to do light work, and was fully capable of performing her past relevant work as a receptionist and/or retail store manager. [Tr. 18-19]. Thus, the ALJ determined that Plaintiff is not disabled under the Social Security Act. [Tr. 19].

In this appeal, Plaintiff primarily argues that the Commissioner's decision is not supported by substantial evidence of record. Plaintiff contends that the ALJ did not give appropriate deference to the opinion of Plaintiff's treating physician throughout her analysis nor adequate reasoning for discounting the treating physician's medical opinion. She also argues that the ALJ failed to consider the combined effects of her impairments on the

3

overall severity of her condition. Specifically, she argues that the ALJ failed to consider the combination of her impairments during step three of the analysis when she concluded that Plaintiff's ailments were insufficient to meet a listed impairment. Finally, Plaintiff contends that the ALJ inappropriately discounted Plaintiff's credibility when considering her testimony concerning her physical and emotional problems and pain. The Court has considered arguments by Plaintiff and the Commissioner, as well as the administrative record, and, for the reasons stated below, affirms the Commissioner's decision.

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, see *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of

4

evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is currently forty-eight years old with a high school education. [Tr. 151, 183]. She has past work experience as a receptionist in a doctor's office and as a retail store manager. [Tr. 202]. Plaintiff filed for disability under Title II on July 7, 2009, alleging disability beginning on May 14, 2009. [Tr. 13]. The claim was denied both initially on October 28, 2009, and upon reconsideration on February 5, 2012. [Tr. 13]. Plaintiff requested a hearing with the ALJ, which took place on November 17, 2010. [Tr. 13]. The ALJ issued an unfavorable decision denying disability on December 28, 2010. [Tr. 20].

The ALJ considered Plaintiff's claim in accordance with the five-step sequential evaluation process. [Tr. 13-20]. At steps two and three, the ALJ found that Plaintiff had three severe medical impairments, namely fibromyalgia, osteopenia, and IBS. [Tr. 13-14]. After considering Plaintiff's allegations of pain, subjective reports of symptoms, her daily activities, the opinions of her treating physicians, and the medical opinions of State agency consultants, the ALJ determined that Plaintiff was

5

capable of performing past relevant work as a receptionist or retail store manager, despite her impairments. [Tr. 19]. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. [Tr. 15].

In evaluating Plaintiff's claims, the ALJ had the benefit of the treatment records of two of Plaintiff's treating physicians, Dr. David Hays and Dr. Manoj Kohli. [Tr. 252-317; 348-58; 389-530]. Additionally, Dr. Jay Athy, Dr. Ann Demaree, and Dr. P. Saranga, three State agency medical consultants, and Dr. Naushad Haziq, a consultative examiner, also assessed Plaintiff's condition and created reports for the ALJ's benefit. [Tr. 326-38; 359-71; 373-77]. Notably, Plaintiff worked as a receptionist in Dr. Hays' office from 2001 through 2009.

**IV. Analysis**

Plaintiff first argues that the ALJ did not give appropriate deference to Dr. David Hays' opinion, nor adequate reasons for refusing to accept the opinion. This Court finds that Plaintiff's first contention is unwarranted.

While it is true that a treating physician's opinion is normally entitled to substantial deference, it is also true that the ALJ is not bound to give that opinion controlling weight. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d

6

469, 477 (6th Cir. 2003)(citing *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987)); 20 C.F.R. § 404.1527(c)(2). Rather, controlling weight should only be given to a treating physician when his opinion is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993)("such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence."). Indeed, in *Jones*, 336 F.3d at 477, the Sixth Circuit held that the ALJ may even completely discredit conclusory statements by a treating physician if he sets forth a reasoned basis for the rejection. *Jones*, 336 F.3d at 477 (citing *Shelman*, 821 F.2d at 321); *see also Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988)(citing *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984))("the ALJ is not bound by conclusory statements of a treating physician that a claimant is disabled, but may reject determinations of such a physician when good reasons are identified for not accepting them.").

Because Dr. Hays' opinion is inconsistent with substantial evidence in the case record, this Court is satisfied that the ALJ did in fact give Dr. Hays' opinion appropriate deference. First, Dr. Hays' opinion is

7

inconsistent with that of Plaintiff's other treating physician, Dr. Kohli. Dr. Hays' treatment notes display neither an improvement nor a worsening of Plaintiff's condition. Frankly, his notes concerning Plaintiff are skeletal at best, oftentimes only listing the date of the appointment and the medicine prescribed, and rarely displaying any evidence of diagnostic expertise or therapeutic decision-making. [Tr. 528-31]. In contrast, Dr. Kohli's detailed treatment notes reflect a gradual improvement in Plaintiff's ailments to the point where Dr. Kohli reported in March 2009 that Plaintiff showed "marked improvement of generalized pain." [Tr. 267-74; 310].

Second, Dr. Hays' opinion is also inconsistent with Plaintiff's allegations of her daily activities. In Plaintiff's Function Report, completed on August 5, 2009, she admits to engaging in activities such as cleaning her house, sweeping, mopping, doing laundry, taking care of her personal hygiene, preparing meals daily, shopping for groceries weekly, going to church three times weekly, and taking care of her personal finances. [Tr. 192-98]. This level of activity does not suggest that Plaintiff is incapable of working and is inconsistent with Dr. Hays' extreme opinion that Plaintiff must take a break from

8

working every five minutes to walk around for five minutes. [Tr. 246].

Third, and finally, Dr. Haziq's physical examination of Plaintiff in September 2009 supports a conclusion that Plaintiff is not disabled and is capable of working. [Tr. 319-23]. For example, he observed that Plaintiff was able to perform all requested range of motion exercises without any difficulty or complaints of pain. [Tr. 321-33]. Although Dr. Haziq agreed that Plaintiff suffers from moderate to severe fibromyalgia and hypertension, he noted that her condition was largely controlled with medication and that she had no more than a moderate limitation on her ability to work. *See Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)(finding that the medical impairments of hypertension and osteoarthritis were controlled with medication and therefore not disabling); *Hanson v. Astrue*, No. 11-34-JBC, 2012 WL 405007 at *2 (E.D. Ky. Feb 7, 2012)(explaining that the ALJ was entitled to disregard the treating physician's opinion because the plaintiff's impairments were controlled by medication). The Plaintiff also freely admitted at the hearing that her medications alleviate her pain. [Tr. 43].

While Plaintiff also maintains that the ALJ did not adequately explain why she discounted Dr. Hays' opinion,

9

this contention is also without merit. As previously noted, the ALJ correctly observed that Dr. Hays provides little objective medical evidence in his treatment notes of Plaintiff, as they oftentimes only include the date of the visit and the medication prescribed. [Tr. 528-31; 304-07]. Moreover, the ALJ also clearly pointed out that Dr. Hays' overall assessment of Plaintiff was internally inconsistent, as he claimed on one page that Plaintiff's limitations would allow her to engage in light work activity, but then later claimed she had limitations that would preclude full time work. [Tr. 244-48]. In any event, when there is not *detailed* corroborating medical evidence for a treating physician's opinion, deference to the ALJ's assessment is appropriate. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 230 (6th Cir.1990)("Without detailed corroborating medical evidence, this court will generally defer to the ALJ's assessment."). Given that Dr. Hays' opinion lacks the requisite detailed evidence, such deference is appropriate here.

Next, Plaintiff argues that the ALJ did not consider the cumulative effect of her impairments when determining her RFC. The Sixth Circuit has recognized that "[i]n reaching a determination as to disability, the ALJ is to consider the combined effect of all of the claimant's

10

impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled." *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992) (citing 20 C.F.R. § 404.1523). However, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments'". *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health & Human Servs*., 833 F.2d 589, 592 (6th Cir. 1987))(noting that an ALJ's reference to a "combination of impairments" was sufficient evidence that he considered all of the plaintiff's ailments in his decision-making, because "[t]o require a more elaborate articulation of the ALJ's thought processes would not be reasonable.").

Plaintiff fails to explain in what regard the ALJ did not consider the combined effects of her impairments, nor did she specifically explain how her combined impairments would render her disabled. Generally, this Court is not required to "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine ... whether it might

contain evidence that arguably is inconsistent with the Commissioner's decision." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). However, a brief review demonstrates that Plaintiff's contention lacks merit.

For example, the ALJ stated that Plaintiff "did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities." [Tr. 16]. She also specifically noted that she "considered all symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence." [Tr. 17]. While it is true that the ALJ did not specifically discuss Plaintiff's osteopenia or IBS impairments in detail, Plaintiff herself did not even mention these impairments during her hearing, instead concentrating solely on her fibromyalgia pain. [Tr. 27-63]. A review of Plaintiff's medical treatment notes also reveals that Plaintiff did not complain of these problems during her office visits of late, but instead reported these issues as part of her medical history. [Tr. 267]. The fact that the ALJ spent the majority of her analysis on Plaintiff's fibromyalgia pain is, quite simply, reflective of Plaintiff's complaints in the record. Thus,

12

the ALJ sufficiently considered the cumulative effect of Plaintiff's impairments.

Plaintiff's final contention, that the ALJ did not adequately explain the level of credibility that was assigned to Plaintiff's own testimony concerning her pain, also falls short. While an ALJ must consider a plaintiff's statements about her pain when determining whether she is disabled, "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Furthermore, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* at 531 (*citing Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)).

In this case, the ALJ clearly explained that she partially discounted Plaintiff's credibility because the pain and symptoms that she alleged are inconsistent with both Plaintiff's testimony and the objective medical evidence in the record. [Tr. 17-18]. For example, while Plaintiff claims on one hand that she has such pain that she cannot engage in any type of work whatsoever, she also

13

readily admits to cleaning her house, taking care of her personal hygiene, preparing meals, shopping for groceries, going to church, visiting family, and taking care of her personal finances. [Tr. 192-98]. The ALJ appropriately discounted Plaintiff's credibility to the extent that her involvement in these daily activities are inconsistent with her complaints of pain. *See Walters*, 127 F.3d at 532 (*citing Blacha*, 927 F.2d at 231; *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 (6th Cir. 1986)) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments.").

Moreover, any contention that Plaintiff is completely incapable of light work is inconsistent with the objective medical evidence. Quite persuasively, nowhere in the administrative record does any physician, treating or otherwise, claim that Plaintiff is completely incapable of light work such as that required by her past relevant work as a receptionist and retail store manager. For example, Dr. Hays opines in the May 21, 2010 questionnaire that Plaintiff is "capable of low stress jobs", and his analysis of Plaintiff's limitations in the questionnaire supports a conclusion that she can work so long as she is permitted to take breaks throughout the day. [Tr. 244-48]. Dr. Kohli,

14

Plaintiff's other treating physician, provided no opinions as to whether Plaintiff was capable of working or not in his treatment notes. [Tr. 266-74]. Dr. Haziq, the consultative examiner, noted during his examination of Plaintiff that she had no difficulty standing, sitting, or walking, and opined that she would have only moderate limitations on her ability to work. Therefore, contrary to Plaintiff's assertions, Plaintiff's testimony was not "ignored" in this matter. Rather, it was appropriately considered in light of the entire administrative record. [Pl. Br. at 5].

In conclusion, the objective evidence in this case did not establish that Plaintiff is disabled within the meaning of the Social Security Act, and substantial evidence supports the ALJ's decision.

**IT IS ORDERED**:

(1) that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 11] is **GRANTED**.

This the 27th day of August, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

15